IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDRE JEAN REUM,<br><br>Defendant. | CR 22-52-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.  Synopsis

Defendant Andre Jean Reum (Reum) has been accused of violating the conditions of his supervised release. (Docs. 48 and 52) Reum admitted the violations. Reum's supervised release should be revoked. Reum should be sentenced to custody until October 31, 2024, at 4:00 p.m., with 47 months of supervised release to follow. During the first 60 days of supervised release, Reum shall be placed at Connections Corrections, an in-patient substance abuse treatment facility.

**Status**

Reum plead guilty on September 1, 2022, to the offense of Attempted Possession with Intent to Distribute Fentanyl, in violation of Title 21 U.S.C. §§

841(a)(1), 846, and Title 18 U.S.C § 2 as charged in Count 2 of the Indictment. (Doc. 30) Reum was sentenced to 27 months of custody with 4 years of supervised release to follow. (Doc. 43) Reum's current term of supervised release began on May 9, 2024.

### Petition

On September 23, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Reum's supervised release. (Doc. 48) The Petition alleged Reum violated conditions of his supervised release by: (1) admitting to using methamphetamine on September 14, 2024.

### Amended Petition

On October 9, 2024, the United States Probation Office filed an Amended Petition requesting that the Court revoke Reum's supervised release. (Doc. 52) The Amended Petition alleged Reum violated conditions of his supervised release by the added violations of: (2) using methamphetamine, with a sweat patch removed from him on August 20, 2024, testing positive for methamphetamine on September 20, 2024; and (3) using methamphetamine, with a sweat patch removed from him on September 3, 2024, testing positive for methamphetamine on September 23, 2024.

### Initial Appearance

Reum appeared before the Court on October 30, 2024. Reum was represented by counsel. Reum stated that he had read the Amended Petition and that he

understood the allegations against him.  Reum waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation Hearing

Reum appeared before the Court on October 30, 2024.  Reum admitted that he had violated the conditions of supervised release as set forth in the Amended Petition by: (1) admitting to using methamphetamine on September 14, 2024; (2) using methamphetamine, with a sweat patch removed from him on August 20, 2024 testing positive for methamphetamine on September 20, 2024; and (3) using methamphetamine, with a sweat patch removed from him on September 3, 2024 testing positive for methamphetamine on September 23, 2024. Reum's violations are serious and warrant revocation of his supervised release.

### Sentencing hearing

Reum appeared before the Court on October 30, 2024. Reum's violation is a Grade C violation.  His criminal history category is III.  Reum's underlying offense is a Class B felony.  Reum could be incarcerated for up to 36 months. Reum could be ordered to remain on supervised release for up to 48 months less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III.   Analysis

Reum's supervised release should be revoked. Reum should be sentenced to custody until October 31, 2024, at 4:00 p.m., with 47 months of supervised release to follow. During the first 60 days of supervised release, Reum shall be placed at Connections Corrections, an in-patient substance abuse treatment facility.

### IV.   Conclusion

The Court informed Reum that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Reum of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Reum that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Reum stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS**:

> That ANDRE JEAN REUM has violated the conditions of his supervised release by (1) admitting to using methamphetamine on September 14, 2024; (2) using methamphetamine, with a sweat patch removed from him on August 20, 2024, testing positive for methamphetamine on September 20, 2024; and (3) using methamphetamine, with a sweat patch removed from him on September 3, 2024, testing positive for methamphetamine on September 23, 2024.

The Court **RECOMMENDS:**

That the District Court revoke Reum's supervised release and sentence Reum to custody until October 31, 2024, at 4:00 p.m., with 47 months of supervised release to follow. During the first 60 days of supervised release, Reum shall be placed at Connections Corrections, an in-patient substance abuse treatment facility.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 1st day of November, 2024.

_____
John Johnston
United States Magistrate Judge