IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 22-52-GF-BMM-JTJ |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| ANDREW JEAN REUM, | |
| Defendant. | |

## I. Synopsis

Defendant Andrew Jean Reum (Reum) has been accused of violating the conditions of his supervised release. (Doc. 74). Reum admitted the violations. Reum's supervised release should be revoked. Reum should be sentenced to custody for 12 months and 1 day, with no term of supervised release to follow.

## II. Status

On August 19, 2020, Reum pleaded guilty to the offense of Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1); 841(b)(1)(B) and 18 U.S.C. § 2 as charged in Count 2 of the Indictment. (Doc. 22) Reum was sentenced to 72 months of custody, followed by 4 years of supervised

release. (Doc. 39) Reum's current term of supervised release began on January 7, 2025.

**Petition**

On June 10, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Reum's supervised release. (Doc. 74). The Petition alleged Reum violated the conditions of his supervised release by: (1) consuming alcohol on or about April 8, 2025; (2) failing to answer truthfully questions asked by his probation officer on April 8, 2025 about his consumption of alcohol; (3) failing to comply with substance abuse treatment on May 1, 2025; (4) using cocaine between May 6, 2025 and May 16, 2025; (5) failing to comply with substance abuse treatment on May 28, 2025; (6) failing to comply with substance abuse treatment on June 2, 2025; (7) communicating or interacting with a known felon on June 3, 2025; (8) failing to report to his probation officer as instructed on June 2nd and June 3rd, 2025; (9) failing to comply with substance abuse treatment on June 3, 2025; (10) consuming alcohol on May 26th and May 27th, 2025; (11) using methamphetamine, fentanyl and marijuana on May 26th and May 27th, 2025; (12) failing to follow the instructions of his probation officer given on June 3, 2025 about not missing treatment sessions without permission from his probation officer; (13) failing to comply with substance abuse treatment on June 4th and June 5th, 2025; and (14) failing to report to his probation officer as instructed on June 5, 2025.

### Initial Appearance

Reum appeared before the Court on June 26, 2025. Reum was represented by counsel. Reum stated that he had read the Petition and that he understood the allegations against him. Reum waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation Hearing

Reum appeared before the Court on June 26, 2025. Reum admitted that he had violated the conditions of supervised release as set forth in the Petition. Reum's violations, 1-14, are serious and warrant revocation of his supervised release.

### Sentencing hearing

Reum appeared before the Court on June 26, 2025. Reum's violations are Grade C. His criminal history category is III. Reum's underlying offense is a Class B felony. Reum could be incarcerated for up to 36 months. Reum could be ordered to remain on supervised release for 45 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

## III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Reum's supervised release should be revoked. Reum should be sentenced to custody for 12 months and 1 day, with no term of supervised release to follow.

## IV.    Conclusion

The Court informed Reum that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Reum of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Reum that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Reum waived his rights to appeal and allocute before Judge Morris.

The Court **FINDS**:

That ANDRE JEAN REUM has violated the conditions of his supervised release by: (1) consuming alcohol on or about April 8, 2025; (2) failing to answer truthfully questions asked by his probation officer on April 8, 2025 about his consumption of alcohol; (3) failing to comply with substance abuse treatment on May 1, 2025; (4) using cocaine between May 6, 2025 and May 16, 2025; (5) failing to comply with substance abuse treatment on May 28, 2025; (6) failing to comply with substance abuse treatment on June 2, 2025; (7) communicating or interacting with a known felon on June 3, 2025; (8) failing to report to his probation officer as instructed on June 2nd and June 3rd, 2025; (9) failing to comply with substance abuse treatment on June 3, 2025; (10) consuming alcohol on May 26th and May 27th, 2025; (11) using methamphetamine, fentanyl and marijuana on May 26th and May 27th, 2025; (12) failing to follow the instructions of his probation officer given on June 3, 2015 about not missing treatment sessions without permission from his probation officer; (13) failing to comply with substance abuse treatment on June 4th and June 5th, 2025; and (14) failing to report to his probation officer as instructed on June 5, 2025.

The Court **RECOMMENDS**:

Based upon the agreement of the parties, that the District Court revoke Reum's supervised release and sentence Reum to custody for 12 months and 1 day, with no term of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 27th day of June 2025.

_____
John Johnston
United States Magistrate Judge